■ AMERICAN SURETY COMPANY OF NEW YORK et al., Appellants, v. WALTER E. MAUNTON et al., Respondents.—REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, in favor of the respondents in a declaratory judgment action seeking the construction of two insurance policies. On May 31, 1963 Edna Moak delivered her motor vehicle to Dominick Tork for the purpose of having tires mounted. While the car was at the garage Tork also performed repairs to the tail pipe of the vehicle which had not been previously authorized. Despite the fact that no arrangements for delivery had previously been made, Tork, feeling that Moak should be advised of these additional repairs, dispatched an employee to take the car to Moak's home. While en route the employee was involved in an accident with a motorcycle driven by one Maunton. The dispute here involved is primarily between Ætna Casualty and Surety Company, Moak's insurance company, and American Surety Company of New York, Tork's insurance company, as to their responsibilities with respect to Maunton's claim. The resolution of this in turn requires the resolution of two basic questions: was the vehicle at the time of accident covered by the American policy and if so was such coverage extended to Moak; and was the vehicle at the time of the accident covered by the Ætna policy and were Tork and his employee additional assureds thereunder. The trial court resolved all of these issues in favor of the respondents and, accordingly, held that the American policy constituted primary coverage and the Ætna policy secondary coverage. Considering that the vehicle was at the time of accident in Tork's possession and control and was being driven to Moak's home not at her direction or request but primarily to explain the additional repairs, the trial court could properly determine that there was coverage under the American policy. It is interesting to note that American under this same policy has already paid Moak's property damage claim, and initially, at least, conceded its liability to defend on Moak's behalf the personal injury action brought against her and, indeed, instructed her to give no information respecting the case to anyone other than its authorized representatives. As to Moak's coverage under the American policy, it is readily evident from the clear language of the policy that she was included among "Persons Insured" under clause (c) of paragraph 3 thereof, and we find no merit under the facts in the case at bar in the argument raised here for the first time that clause (iii) precludes

such inclusion. Conversely, the trial court could conclude that coverage was excluded under language of the Ætna policy since the vehicle was being utilized in the "automobile business" as defined therein and Tork and his employee were not acting as agents for Moak. Nor do we find any basis for reversal in additional contentions raised by the appellants, and, accordingly, the judgment must be affirmed. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.